UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 23-12179 |
| GREENUP INDUSTRIES, LLC, | § § § | CHAPTER 11 |
| DEBTOR. | § § § | SECTION A |

**ORDER CONFIRMING THE DEBTOR'S SECOND IMMATERIALLY
AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**

The Court held a confirmation hearing (the "Confirmation Hearing") on June 11, 2024, to consider the *Debtor's First Amended Plan of Reorganization Under SubChapter V Dated May 3, 2024* (the "First Amended Plan"), [ECF Doc. 259], as amended by the *Debtor's Second Immaterially Amended Plan of Reorganization Under SubChapter V Dated June 5, 2024* (the "Second Amended Plan" or the "Plan"), [ECF Doc. 318], filed by the Debtor; the *United States Trustee's Objection to Confirmation*, [ECF Doc. 304], filed by David W. Asbach, Acting United States Trustee for Region 5 ("U.S. Trustee"); and the *Wells Fargo Equipment Finance, Inc. Limited Objection to Debtor's Chapter 11 Plan*, [ECF Doc. 308], filed by Wells Fargo Equipment Finance, Inc. ("Wells Fargo").

At the Confirmation Hearing, the Court admitted the following exhibits as evidence: Debtor's Exhibits 3–6, 9, 11-17, & 20. The Court heard testimony from the following witnesses: (i) Rodney Greenup, Jr., and (ii) Derek Mathews, CPA, an expert retained by the Debtor. The Court considered the Monthly Operating Reports filed in the case; the *Certification of Tabulation of Ballots*, [ECF No. 319], filed by the Debtor; and the Amended Exhibit B to Plan of Reorganization, [ECF No. 321-1].

Accordingly, based upon the admitted evidence, applicable law, and the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure:[1]

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core matter, that this Court can hear and determine on a final basis under 28 U.S.C. § 157(b)(2).

B. **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Immaterial Modifications.** The Court finds that the modifications in the Debtor's Second Amended Plan are immaterial. Notwithstanding the foregoing, parties in interest, other than the U.S. Trustee and Wells Fargo, who contend that the modifications are material, shall have ten (10) days from the entry of this Order to file a motion seeking to have the modifications identified below to be material. Pending further order of Court, if an objection is filed in accordance with 11 U.S.C. § 1193, the modifications do not adversely change the treatment of any creditor, and all such modifications are approved, and no additional disclosure to the Holder of Claims is required by the Bankruptcy Code or Rules. The immaterial modifications to the Plan are the following:

  i. Specification that Wells Fargo shall be treated as a holder of a Deficiency Claim;
  ii. Modification of the financial projections; and
  iii. Clarification of Revenue from Future Contracts.

The Modifications are incorporated in **Exhibit A** which is the Plan confirmed by this Court.

D. **Notice.** Due, adequate, and sufficient notice of the First Amended Plan, solicitation package and the Order setting a hearing on Plan Confirmation, [ECF Doc. 260], was served upon all creditors, interest holders, and parties requesting notice along with a copy of the Debtor's Plan, as evidenced by the Affidavit of Mailing, [ECF Doc. 256], and the Debtor's Second Amended Plan, as evidence by the Certificate of Service filed on June 7, 2024, [ECF Doc. 320]. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") comply with the Federal Rules of Bankruptcy Procedure, are adequate and reasonable under the circumstances of this case, and no further or additional notice of the Confirmation Hearing or the Confirmation Deadlines are necessary or required.

E. **Objections to Confirmation**. After testimony and presentation of evidence Wells Fargo **WITHDREW** its objection. The U.S. Trustee **WITHDREW** its objection as to the feasibility of the Plan, and the Court **OVERRULED** the U.S. Trustee objection as to the Debtor's eligibility under SubChapter V. The Court further **OVERRULED** all remaining objections.

F. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims that are not impaired under the Plan.

H. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims that are impaired under the Plan.

I. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. The Plan provides adequate means for its implementation. The Debtor will act as the post-confirmation disbursement agent herein for the unsecured creditor class.

K. **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. This Debtor will continue to be owned and operated by Rodney Greenup, Jr.

L. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Debtor attached a Liquidation Analysis as Exhibit A to its Plan. Under that Liquidation Analysis, in a hypothetical Chapter 7 proceeding, unsecured creditors would receive a distribution in an amount greater than the amount such creditors would receive in a hypothetical Chapter 7.

M. **Payments to Creditors from Earnings from Personal Services - 11 U.S.C. § 1123(a)(8)**. The Court finds and concludes that 11 U.S.C. § 1123(a)(8) is satisfied because the Debtor will use its future disposable income to fund the Plan payments.

N. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. The Plan, pursuant to 11 U.S.C. § 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected.

O. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

P. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act of 1933.

Q. **SubChapter V Plan Requirements – 11 U.S.C. § 1189**. The Debtor has complied with 11 U.S.C. § 1189 as the Debtor sought an extension of time to file its Plan granted by the Court. The original *Debtor's Plan of Reorganization Under SubChapter V Dated March 27, 2024*, [ECF Doc. 184], was timely filed on March 27, 2024, prior to the extended plan deadline. The Debtor has met the requirements of 11 U.S.C. § 1189.

R. **Contents of a SubChapter V Plan – 11 U.S.C. § 1190**. In compliance with 11 U.S.C. § 1190, the Plan includes: (1) a brief history of the business operations of the Debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor's ability to make payments under the proposed plan for reorganization. The Plan provides for the submission of the Debtor's future disposable income as is necessary for the execution of the Plan.

S. **Satisfaction of Conditions – 11 U.S.C. § 1191(a) and 11 U.S.C. § 1191(b)**. The Court finds that the Plan is a consensual Plan governed by 11 U.S.C. § 1191(a). The Court notes, however, that the Second Amended Plan states that the Debtor will pay out $286,588.22 in year 1, $62,387.76 in year 2, and $0.00 in year 3 to the Class 10 General Unsecured Creditors. The Amended Exhibit B to the Plan, outlining the projected Plan payments to Class 10 creditors, filed on June 10, 2024, however, states that the Debtor will pay out $149,187.44 in year 3, for a total distribution to Class 10 Creditors of $498,163.42. The distributions stated

in the Amended Exhibit B will control. The correct amounts are stated in the Plan attached as Exhibit A to this Order.

T. With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

a. **11 U.S.C. § 1129(a)(1).** The Plan incorporates the requirements of 11 U.S.C. §§ 1122 and 1123, governing classification and contents of the Plan. Further, the Debtor has provided adequate means for the Plan's implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

b. **11 U.S.C. § 1129(a)(2).** The Debtor has complied with the applicable provisions of the Bankruptcy Code.

c. **11 U.S.C. § 1129(a)(3).** The Plan was proposed in good faith and not by any means forbidden by law.

d. **11 U.S.C. § 1129(a)(4).** The Debtor shall not make any payments for services or for costs and expenses in or in connection with the case or the Plan until such time as such request for payment has been approved by the Court as reasonable.

e. **11 U.S.C. § 1129(a)(5).** Rodney Greenup, Jr., the sole member of the Debtor, will continue to serve as the Debtor's president, as his position as president is in the best interests of creditors.

f. **11 U.S.C. § 1129(a)(6).** This provision deals with government regulatory commissions and is inapplicable herein.

g. **11 U.S.C. § 1129(a)(7).** The Plan provides that, with respect to each impaired class of claims, each holder of a claim has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the Plan Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of this Title.

h. **11 U.S.C. § 1129(a)(8).** The Plan satisfies 11 U.S.C. § 1129(a)(8) as all impaired classes under the Plan who voted on the Plan voted to accept the Plan.

i. **11 U.S.C. § 1129(a)(9).** The Plan satisfies 11 U.S.C. § 1129(a)(9) and no objection has been filed that the Plan does not comply with this section.

j. **11 U.S.C. § 1129(a)(10).** The Plan satisfies 11 U.S.C. § 1129(a)(10) as Class 10, which is impaired, voted to accept the Plan.

k. **11 U.S.C. § 1129(a)(11).** Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization by the Debtor, unless such liquidation or reorganization is proposed in the Plan. The U.S. Trustee's Objection raised this issue and was withdrawn after the testimony of the Debtor's witnesses. The testimony of Mr. Greenup and Mr. Mathews supports that this requirement for Plan confirmation has been satisfied.

l. **11 U.S.C. § 1129(a)(12).** This provision is inapplicable to SubChapter V cases, as no fees are required to be paid to the U.S. Trustee under 28 U.S.C. § 1930.

m. **11 U.S.C. § 1129(a)(13).** This provision is inapplicable herein as the Debtor pays no retiree benefits.

n. **11 U.S.C. § 1129(a)(14).** This provision is inapplicable to a corporate debtor.

o. **11 U.S.C. § 1129(a)(15)**. This provision is not required to confirm a Plan in SubChapter V under 11 U.S.C. § 1191(a).

p. **11 U.S.C. § 1129(a)(16)**. This provision is not applicable herein as there is no contemplated transfer of property.

**IT IS ORDERED** that**:**

1. The Plan is **CONFIRMED** under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan, as of the Effective Date, bind the Debtor and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

3. **Revesting of Property**. Pursuant to 11 U.S.C. § 1141(b), as of the Effective Date, all property of the estate shall be vested in the Debtor.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate a business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter

or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Order, as of the Effective Date, (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d), and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

6. **Disbursing Agent**. The Debtor shall make all Plan distributions to holders of Allowed unclassified claims, Allowed Administrative Expense Claims, Allowed Priority Tax Claims and Allowed classified claims.

7. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

8. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed accepted as of the Effective Date.

9. **Deficiency Claims**. As provided for in the Plan, all holders of Deficiency Claims, including Wells Fargo, shall have twenty-eight (28) days following the Effective Date (the

"Deficiency Claim Deadline") to submit to the Debtor and its counsel an accounting of any Deficiency Claim. Failure to do so by the Deficiency Claim Deadline shall be deemed a waiver of any right to payment on the Deficiency Claim.

10. **Litigation Claims**. Any holders of Class 12 Litigation Claims (as defined in the Plan) not previously resolved shall have their *pro rata* amount of distributions to Class 10 creditors held in escrow by the Debtor proportionate to the full amount of the asserted claim of the holder of the Litigation Claim, pending an order by this Court setting the amount of the Class 12 Claim.

11. **Reports to the SubChapter V Trustee and U.S. Trustee**. The Debtor shall provide the SubChapter V Trustee and the U.S. Trustee with semi-annual reports of all distributions made pursuant to the Plan for the preceding six months, which reports shall indicate the date, amount, and payee for each distribution. The first report shall be due on December 31, 2024.

12. **Rocket Capital Claim**. The Debtor's *Objection to the Proof of Claim of Rocket Capital NY LLC (No. 9)*, [ECF Doc. 175] is **RESOLVED** by this Order. The claim of Rocket Capital NY LLC is allowed in full amount of $426,636.19, of which $71,572.48 is an allowed secured claim and $355,063.71 is an allowed unsecured claim. Rocket Capital NY LLC's secured and unsecured claims will be paid according to the Plan.

13. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a. Enter such orders as are necessary or appropriate to the implementation of the Plan provisions and/or to resolve any disputes arising from implementation of this Plan;

   b. Resolve issues with respect to the Debtor's substantial consummation of the Plan and issues regarding motions to amend or modify the plan;

   c. Hear and allow all applications for compensation to Professionals and other Administrative Expense Claims;

   d. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

  e.  Adjudicate objections to claims;

  f.  Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

  g.  Adjudicate modifications of the plan under 11 U.S.C. § 1193;

  h.  Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

  i.  Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

**14. <u>Documents Required to Effectuate Plan</u>**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

**15. <u>Discharge of the SubChapter V Trustee</u>**. Pursuant to 11 U.S.C. § 1183, the services of the SubChapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under 11 U.S.C § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the SubChapter V Trustee, the United States Trustee, and all parties in interest a Notice of such substantial consummation.

**IT IS FURTHER ORDERED** that the Movant shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, June 14, 2024.

                       _____
                       MEREDITH S. GRABILL
                       UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**
Greenup Industries LLC
Liquidation Analysis
As of February 29, 2024

|  | Estimated Historic Cost | Value Factor | Liquidation Value |
|---|---:|---:|---:|
| Cash on Hand | $ 1,381 | 100% | $ 1,381 |
| Accounts Receivable | $ 836,218 | 80% | $ 668,975 |
| Going Concern Value | $ - |  | $ - |
| Furmiture, Fixtures, and Equipment | $ 18,600 | 25% | $ 4,650 |
| Vehicles | $ 72,000 | 11% | $ 7,920 |
| Total | $ 928,199 |  | $ 682,925 |

**Administrative Expenses**

| | |
|---|---:|
| Chapter 7 Costs | $ 7,500.00 |
| Chapter 7 Trustee Fees | $ 8,250.00 |
| Priority Tax Claims | $ 16,760.94 |
| Est. Chapter 11 Admin Claims | $ 187,000.00 |
| Total Expenses | $ 219,510.94 |
| Secured Claims | |
| SBA | $ 528,437.52 |
| Ally Bank | $ 113,624.00 |
| GM Financial | $ 24,404.84 |
| Rocket Capital | $ 71,572.48 |
| Total Secured Claims | $ 738,038.84 |
| **Amount Available for Unsecured Claims** | $ (274,624.58) |

AMENDED EXHIBIT B TO PLAN OF REORGANIZATION

**Greenup Industries LLC** — 6/10/2024
ProForma
For period of: July 1, 2024 through June 30, 2027

| | 2024-2025 | 12 mo | 2025-2026 | 12 mo | 2026-2027 | 12 mo | Total | |
|---|---|---|---|---|---|---|---|---|
| Sales | $ 980,400.00 | | $ 915,600.00 | | $ 741,600.00 | | $ 2,637,600.00 | |
| Projected Sales | $ 980,400.00 | | $ 1,023,100.00 | | $ 1,061,600.00 | | $ 3,065,100.00 | |
| Difference | $ - | 0% | $ 107,500.00 | 12% | $ 320,000.00 | 43% | $ 427,500.00 | 16% |
| Additional Revenue | $ 745,524.96 | 76% | $ - | 0% | $ - | 0% | $ 745,524.96 | 28% |
| **Grand total Projected Revenue** | **$ 1,725,924.96** | | **$ 1,023,100.00** | | **$ 1,061,600.00** | | **$ 3,810,624.96** | |
| **Cost of Services** | | | | | | | | |
| Payroll | $ 530,750.00 | | $ 312,000.00 | | $ 312,000.00 | | $ 1,154,750.00 | |
| Payroll Taxes | $ 53,075.00 | | $ 31,200.00 | | $ 31,200.00 | | $ 115,475.00 | |
| Worker's Comp | $ 5,200.00 | | $ 3,600.00 | | $ 2,400.00 | | $ 11,200.00 | |
| Employee Benefits- Dental, Health, Life & Disability Insurance, 401k | $ 46,727.50 | | $ 15,600.00 | | $ 15,600.00 | | $ 77,927.50 | |
| **Admin** | | | | | | | | |
| Payroll | $ 296,700.00 | | $ 238,800.00 | | $ 238,800.00 | | $ 774,300.00 | |
| Payroll Taxes | $ 29,670.00 | | $ 23,880.00 | | $ 23,880.00 | | $ 77,430.00 | |
| Worker's Comp | $ 5,200.00 | | $ 3,600.00 | | $ 2,400.00 | | $ 11,200.00 | |
| Employee Benefits- Dental, Health, Life & Disability Insurance, 401k | $ 25,907.00 | | $ 11,940.00 | | $ 11,940.00 | | $ 49,787.00 | |
| Worker's Comp Audit Payment | $ - | | | | | | | |
| **G&A** | | | | | | | | |
| Cox Internet | $ 1,495.00 | | $ 1,380.00 | | $ 1,380.00 | | $ 4,255.00 | |
| Licenses and Fees - APEX, DISA, Gsuite | $ 9,750.00 | | $ 9,000.00 | | $ 9,000.00 | | $ 27,750.00 | |
| Office Expense - Copier, Water, Cell phones | $ 8,450.00 | | $ 5,400.00 | | $ 3,000.00 | | $ 16,850.00 | |
| Bank Fees | $ 2,600.00 | | $ 2,400.00 | | $ 2,400.00 | | $ 7,400.00 | |
| Professional Fees - Corbec and BNI | $ 10,000.00 | | $ 3,000.00 | | $ - | | $ 13,000.00 | |
| Payroll Service Expenses | $ 4,550.00 | | $ 4,200.00 | | $ 4,200.00 | | $ 12,950.00 | |
| Fuel Allowance for Employees | $ 3,800.00 | | $ 1,200.00 | | $ - | | $ 5,000.00 | |
| Truck Repairs | $ 2,200.00 | | $ 600.00 | | $ - | | $ 2,800.00 | |
| Pickup Truck Notes | $ 48,100.00 | | $ 22,200.00 | | $ - | | $ 70,300.00 | |
| Insurance-GL, Auto, Umbrella | $ 120,000.00 | | $ 120,000.00 | | $ 120,000.00 | | $ 360,000.00 | |
| Office Rent 2400 Veterans Blvd, Suite 500, Kenner, LA 70062 | $ 53,950.00 | | $ 34,500.00 | | $ 18,000.00 | | $ 106,450.00 | |
| **Operating Expenses** | | | | | | | | |
| TWRU Accounting Fees | $ 12,000.00 | | $ 12,000.00 | | $ 12,000.00 | | $ 36,000.00 | |
| Jones Walker Attorney Fees | $ 46,666.56 | | $ 46,666.56 | | $ 46,666.88 | | $ 140,000.00 | |
| **Total Cost of Services** | **$ 1,316,791.06** | **76.3%** | **$ 903,166.56** | **88.3%** | **$ 854,866.88** | **80.5%** | **$ 3,074,824.50** | **80.7%** |
| **Total Operating Profit** | **$ 409,133.90** | **23.7%** | **$ 119,933.44** | **11.7%** | **$ 206,733.12** | **19.5%** | **$ 735,800.46** | **19.3%** |
| Operational Expense Reserve (10%) | | 0.0% | | 0.0% | | 0.0% | $ - | 0.0% |
| Administrative Expense/Professional Fees | $ 65,000.00 | 15.9% | | 0.0% | | 0.0% | $ 65,000.00 | 8.8% |
| IRS Tax Distribution | $ 3,352.19 | 0.8% | $ 3,352.19 | 2.8% | $ 3,352.19 | 1.6% | $ 10,056.57 | 1.4% |
| Claim Payment Class 1 - SBA | $ 30,336.00 | 7.4% | $ 30,336.00 | 25.3% | $ 30,336.00 | 14.7% | $ 91,008.00 | 12.4% |
| Partially Secured Creditor - Rocket Capital | $ 23,857.49 | 5.8% | $ 23,857.49 | 19.9% | $ 23,857.49 | 11.5% | $ 71,572.47 | 9.7% |
| **Total Operating Expenses** | **$ 122,545.68** | | **$ 57,545.68** | | **$ 57,545.68** | | **$ 237,637.04** | |
| **Net Cash Flow for Distribution to Class 10** | **$ 286,588.22** | | **$ 62,387.76** | | **$ 149,187.44** | | **$ 498,163.42** | |

# EXHIBIT C

# CREDITORS ENTITLED TO DISTRIBUTION

# THROUGH GENERAL UNSECURED CLAIMS

| Creditor | Debtor's Calculated Claim Amount | Creditors Asserted Claim Amount | POC # | Disputed? |
|---|---|---|---|---|
| Alliance Technical Group | $28,569.57 | $28,569.57 | 14 | N |
| Botton Line Concepts/Big Think Capital | $93,791.14 | $93,791.14 | 20 | N |
| Cadence Bank | $152,256.00 | $152,256.00 | 10 | N |
| Chase Ink | $75,003.04 | $75,003.04 | 7 | N |
| Chase Ink | $4,339.31 | $4,339.31 | 8 | N |
| Ecorobotics | $963,426.13 | $2,107,304.80 | 15 | Y |
| Equilon Enterprises, LLC | $991,938.06 | $1,930,169.88 | 27 | Y |
| Five-S Group | $0 | $1,906,235.82 | 28 | Y |
| Iberia/First Horizon | $17,247.32 | $23,064.47 | 6 | Y |
| Jones Walker, LP | $169,925.29 | $169,925.29 | | N |
| Kolb Grading | $0.00 | $1,153,640.84 | 30 | Y |
| Liberty Bank | $50,378.32 | $50,378.31 | | N |
| Liberty Bank[i] | $48,113.82 | $50,577.01 | 23 | Y |
| Markel Insurance | $0 | $9,533,585.56 | 24 | Y |
| Mitsubishi | $0 | $906,588.65 | 26 | Y |
| PEMEX Deer Park | $53,899.11 | $53,899.11 | | N |
| Progressive Insurance | $51,881.85 | $51881.85 | | N |
| Shell Chemical – Deer Park | $68,576.54 | $68,576.54 | | N |
| Shell Chemical LP | $919,342.20 | $919,342.20 | | N |
| Shell Pipeline Co., LP | $451,411.87 | $451,411.87 | 31 | N |
| Southern Comfort Shelters | $88,358.00 | $88,358.00 | 19 | Y |
| Suretec Insurance Co. | $0. | | | N |
| United Rentals | $11,525.94 | $11,525.94 | | N |
| Vertex Refining Alabama, LLC | $286,933.18 | $286,933.18 | | N |
| Regions Bank d/b/a Ascentium Capital | $62,788.84 | $62,788.84 | 21 | N |

| | | | | |
|---|---|---|---|---|
| Regions Bank d/b/a Ascentium Capital | $69,846.98 | $69,846.98 | 22 | N |
| First Citizens Bank & Trust Co. | $275,171.77 | $275,171.77 | 1 | N |
| Ally | $308.05 | $308.05 | 12 | N |
| H & E Equipment | $26,603.41 | $26,603.41 | 3 | N |
| APP Funding[ii] | $236,105.00 | $298,896.02 | 4 | Y |
| Fort Capital Services | $0.00 | | | N |
| Rocket Capital | $426,636.19 | $426,636.19 | 9 | N |
| Stearns Bank | $0.00 | $302.283.80 | 25 | Y |
| Entergy | $392.54 | $392.54 | 5 | N |
| Hithe Enterprises | $0.00 | $93,000.00 | 32 | Y |
| Cajun Industries, LLC[iii] | $0.00 | $20,000.00 | 33 | Y |
| Zurich American Insurance Company | $1.00 | $1.00 | 11 | N |
| Jon Michael Robison | $0.00 | $18,691.96 | 13 | Y |
| Wells Fargo Equipment Finance, Inc.[iv] | $0.00 | $299,839.56 | 18 | Y |
| Beard Construction Group | $0.00 | $309,148.50 | 34 | Y |
| Rigid Constructors, LLC | $0.00 | $0.00 | 35 | N |
| Delta Coatings, Inc. | $108,250.00 | $108,250.00 | 36 | N |
| **TOTAL** | **$5,733,020.47** | **$22,126,933.20** | | |

Total amount of disputed claims:........................................................................$18,739,101.07

---

[i] Liberty Bank asserts a secured claim. Liberty Bank filed a junior lien under the Louisiana UCC and the Debtor takes the position that Liberty Bank is unsecured. The Debtor will object to Liberty Bank's Proof of Claim as to both the amount and the secured status.

[ii] APP Funding asserts a secured claim. APP Funding filed a junior lien under the Louisiana UCC and the Debtor takes the position that APP Funding is unsecured. The Debtor will object to APP Funding's Proof of Claim as to both the amount and the secured status.

[iii] Cajun Industries has filed a proof of claim in an unknown amount based on a default judgment entered in favor of Rocket Capital. As explained in the Cajun Proof of Claim, the judgment is against Cajun Industries for a blanket security agreement signed by the Debtor and binding Cajun industries without authority. The Debtor made clear to Rocket Capital that it did not have the authority to bind Cajun Industries under the Joint Venture Agreement and supports Cajun Industries to overturn the default judgment entered against it.

Out of an abundance of caution, Cajun Industries filed its proof of claim to preserve its right to collect against the Debtor in the event that it has to pay any amounts to Rocket Capital. The Debtor will object to the proof of claim as contingent, pending resolution of Cajun Industries efforts against Rocket Capital. Until the amount of Cajun Industries' claim is liquidated, the Debtor shall treat the claim as a Disputed Claim under the plan.

The Debtor further reserves its right to reduce the amount of the Rocket Capital claim by any amounts that it recovers from Cajun Industries.

[iv] Wells Fargo asserts its proof of claim based on a guaranty of the Debtor for a debt owed by a non-debtor affiliate, Greenup Holdings, LLC. Greenup Holdings surrendered the equipment securing the Wells Fargo claim on September 26, 2023. The Debtor will object to the Wells Fargo claim on the basis that it is both contingent as a guaranty and that it does not account for the value of the surrendered equipment.

# EXHIBIT D

## GREENUP INDUSTRIES, LLC'S
## SUBCHAPTER V PLAN OF REORGANIZATION

### DEFINITIONS

**Accounting Deadline** shall mean twenty-eight (28) days after the Effective Date.

**Administrative Expense Claim** shall mean a claim that is allowed pursuant to 11 U.S.C. § 503.

**Allowed Claims** shall mean a "claim" (as defined in 11 U.S.C. § 101) in an amount that: (i) is listed on the Debtor's Schedules D or E/F as noncontingent, liquidated, and undisputed; (ii) a proof of claim has been timely filed and to which no objection has been filed; or (iii) a proof of claim to which a party in interest has objected and the Bankruptcy Court has entered a Final Order allowing the proof of claim.

**Deficiency Claim** shall mean a claim of a secured creditor whose collateral has been surrendered by the Debtor in an amount equal to the difference between what the creditor is able to recover from the sale of the equipment and the value of the creditor's Allowed Claim.

**Effective Date** shall mean the date that is the first business day following the date that the Confirmation Order becomes final, which is generally fourteen (14) days after the entry of the Confirmation Order.

**Equipment Lenders** shall mean Regions Bank d/b/a Ascentium Capital; Hanmi Bank, as successor in interest to Regions Bank; Stearns Bank; First Citizens Bank & Trust Co.; and Mitsubishi HC Capital.

**Litigation Claim** shall mean the claim of a creditor that is currently the matter of a dispute that is pending in a federal or state court or which is pending in arbitration or mediation.

{00381649-1}